JOHN BODNARIK, ADMINISTRATOR AD PROSEQUENDUM, ET AL., PETITIONERS, v. EMPIRE FLOOR AND WALL TILE COMPANY, PROSECUTOR.

Submitted May 16, 1930—Decided September 11, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutors, *Kellogg & Chance.*

PER CURIAM.

This is a *certiorari* to an award in a workmen's compensation case. The workman was killed, and the question is as to the award in favor of his widow as a "dependent." She was not living with him at the time, but had lived apart from him for some years in Czecho-Slovakia. From her testimony, taken *de bene esse,* it appears that his average weekly contribution toward her support was about two hundred Kronen.

The dispute was whether she was a partial dependent, or wholly dependent, because of the language of paragraph 12 of the Compensation act (*Pamph. L.* 1923, *p.* 101—*at p.* 106), which says: "(g) The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely, 'wife,' children * * * *provided however,* that dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death * * * *further provided,* that the foregoing schedule applies only to persons wholly dependent, and that in the case of persons only partially dependent, *except* in the case of the widow and children, who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion," &c.

No brief for the petitioners-respondents has come to our hands, and that for the prosecutors makes but one point, which is, that by force of the statutory language above quoted, the widow should have received an award as a partial dependent only, and not as a total dependent, which was the award actually made. If the question were an open one, it would naturally receive full and careful consideration; but we deem it settled for present purposes by the recent decision of this court in *Schmid* v. *Stanton Forging Co.,* 104 *N. J. L.* 471, which appears to be in point.

The judgment under review will therefore be affirmed, with costs.